### ROBERT C. BRUFFEY v. JOHN BRICKEY.

1. Petition and summons on a bond. Plea, that the consideration of the bond was land sold by plaintiff to defendant, and that plaintiff represented title to be in himself, whereas he had not a complete title, &c. Demurrer filed and sustained. Held, that the facts alleged in the plea could not avail the defendant either in law or equity, unless the defendant would also produce the title bond and show the probability of plaintiff's inability to refund the purchase money, in case of a suit on such bond. A bill of discovery, alleging the same facts as this plea, would be liable to the same objection.

2. Under the plea of fraud, upon which issue was made in this cause, defendant offered in evidence a memorandum of an agreement between one McCoy and one Imboden, by which McCoy agreed to convey the land in controversy to Imboden upon the payment of a certain sum of money, but offered no other evidence to show its relevancy. Held, that there was nothing in this to warrant the jury in finding for defendant, and therefore the circuit court did not err in refusing to grant a new trial.

APPEAL from the circuit court of Washington county.

*Brickey,* counsel for the plaintiff in error:

There are three points presented for the consideration of this court: 1. Whether the defendant can plead fraud, covin and misrepresentation in bar to this action, although brought upon a sealed instrument. 2. Whether the circuit court did not err in sustaining the plaintiff's demurrer to the defendent's bill of discovery. 3. Whether the obligation from McCoy to Imboden, under whom Jones claims title to the land, was not legal evidence for the defendant.

On the first point, I am aware there are contradictory decisions; but it would seem fraud and covin may be averred against any act whatever—Fonblanque, 112; 2 Tyler's Rep. 238; 1 vol. Mo. Rep. 446; 1 Burr, 397; if so, there is no good reason for a distinction between a bond given for an illegal consideration, and one given

through fraudulent misrepresentation; and in this case the court will see the third plea fully states the fraud in the sale of the land, and this is confessed by the plaintiff's demurrer. Parol evidence is admissible to show what was the real consideration of the bond—3 Term Rep. 474. What circumstances or facts amount to fraud, is a question of law, and courts of law have a concurrent jurisdiction with courts of equity to suppress and relieve against fraud. There is no reason, therefore, for sending the defendant to a court of equity to be relieved against fraud, which appears in the pleadings, and of which this court may take cognizance. If the facts stated in the plea be true, (and they are admitted by the demurrer,) it will hardly be denied that the defendant could and would be relieved in a court of chancery, upon the same state of facts being proved.

The second point seems clear that the defendant not only had the right to file his bill of discovery, in order to extract evidence for him from Jones, the assignor of the bond, but that he was bound to answer; or the court ought to have taken the facts sworn to in the bill to be true, and proceeded with the cause as though the several facts were confessed or admitted by the party from whom the discovery is sought—see Digest, p. 462, sec. 10; 463, sec. 14. This court will inspect the record and see what the facts are which are sought to be discovered by the defendant's bill. It charges that the bond or obligation upon which this suit was brought was given by the defendant to Jones, the assignor, for and in consideration of a certain tract of land; that the said Jones repeatedly declared, before and at the time of the purchase and sale of the land, that he had the legal title in himself, and that he was able to make the defendant a good legal title to the said land. And then avers that the title to the land is not nor never was in the said Jones, but in the heirs of Ananias McCoy; that McCoy gave his bond or obligation to one Benjamin Imboden to convey the land to him when the whole of the consideration money for the land was paid; that the money never was paid, but that there is still due on the land fifteen or sixteen hundred dollars; that said Jones did know of these facts at the time of the sale to defendant, and then calls on him to answer specific interrogatories pertinent to the issue. Now, the question is, if the defendant, Bruffey, had commenced in a court of chancery, obtained an injunction, and on the trial had made the same proof as here stated in his bill and not denied, or if admitted or confessed, as

by the demurrer, is there any court who would not grant him relief? Could there be a stronger case presented to a court of equity for their interposition than where one man, by ingenious management, gets the obligation of another for a piece of property to which he had no title nor any legal right to convey, and then endeavors to enforce the collection? There is no difference, in my opinion, whether the individual attempts to enforce the collection himself, or passes off the bond by assignment, as in the present case, and it is coerced by the assignee.

That the defendant, Bruffey, had the same right to set up any defence he might have to the bond in the hands of the assignee, as he would have against the original holder, is manifest by the statute, (Digest, page 105, sec. 3,) where it is declared: "The nature of the defence of the obligor or maker shall not be changed by the assignment, but he may make the same defence, &c. that he might have made against the assignor."

It may be here objected, that the defendant, Bruffey, cannot avail himself of his equitable defence at law; and if he has any redress, it would be an action at law against Jones, the assignor. But to this I answer, it was certainly the object of the legislature, in allowing the party, under the statute before referred to, to file his bill of discovery for the express purpose of enabling him to make his defence at law, under circumstances such as are here developed in this case, and thereby avoid a multiplicity of actions, as well as a circuitous route to obtain the same end. Again, should the party now be compelled to pay the money on this judgment, notwithstanding he might recover in another action, it might well happen that the assignor of this bond would become insolvent, and thereby deprive him of all means of actual redress; when, had the court, on the other hand, overruled the demurrer and compelled Jones, the assignor, to answer, or had taken the facts set out in the bill as confessed, and proceeded to try the cause on its merits, it would have relieved the defendant from such hazardous consequences, and done justice between the parties.

The court will observe, by reference to the bill of discovery as preserved on the record, that the substantial facts set out, and the interrogatories propounded to Jones, have an immediate reference to, and connection with, the defendant's plea; and had the court overruled the demurrer and required the defendant to take issue on the plea, and had Jones confessed or admitted the facts, matters and things in the bill charged, or refused to an-

swer, then, according to law and equity, the circuit court would have been bound to have found the issue of fact for the defendant instead of for the plaintiff, as the court did do, by sustaining the demurrer.

Again, as to the third point: The circuit court excluded and disregarded the obligation or article of agreement made by McCoy to Benjamin Imboden, which was offered in evidence by the defendant, as going to show the true nature of the contract between McCoy and Imboden with regard to the land: 1. That Imboden was bound to pay for the land by instalments. 2. That McCoy was not bound to make a title to Imboden for the land until the last instalment was paid; and, 3. If the balance of the money had been paid to McCoy, either by Imboden or Jones, the plaintiff was bound to prove it, otherwise the defendant ought to have had judgment, because the defendant's plea fairly puts in issue the consideration of the bond sued upon; and, as before observed, should this court be of opinion that the defendant could not plead the failure or want of consideration in bar to a sealed instrument on a trial at common law, I will submit to this court whether, under our statute allowing a bill of discovery to aid a party in a trial at law and under the state of pleading here, it was not competent for the defendant to offer the said bond or article of agreement in evidence; and if it ought not to have been received by the court, was not the court bound to have given it such weight as the evidence was worth, precisely as a jury would have done. But instead of this, the court, on motion of the plaintiff, excluded and rejected the evidence; the consequence was that the defendant was cut off and forced into trial without any possible means of defending himself against a most unjust demand, the court giving judgment against him.

Upon a view of the whole case, as presented by the pleadings, it must obviously appear to this court that Bruffey gave the bond here sued upon for a tract of land, to which the grantor, Jones, had not, nor, from aught that appears, has yet a title; but that the equitable title to the land still remains in McCoy's heirs, and that there is a lien upon the land for the balance of the purchase money, amounting to some sixteen or seventeen hundred dollars; and, indeed, this may be the value or even more than the land would sell for. In that event, when McCoy's heirs shall prefer their claim, and in a court of equity obtain a decree to sell the land, Bruffey must again purchase the same land or lose his purchase money paid to

Jones in this present action, unless, indeed, this court will grant him that relief which justice requires and the authorities of law before cited would seem to warrant. For where a fraud has been practiced, and it is apparent to the court, they will ever be ready to render justice in favor of the party injured, without turning him round to the more tedious process of chancery.

MAY TERM,
1838.

Bruffey
v.
Brickey

*Frissell*, counsel for defendant in error:

But two questions can arise in this cause: 1. Whether the demurrers were properly sustained; for they both were filed upon the same state of facts, and for the same reasons were sustained. 2. Whether the paper offered in evidence was properly excluded.

As to the questions raised by the demurrer, no point of the law is more firmly settled than that a partial failure of consideration cannot be given in evidence in an action upon a bond—Greenleaf v. Cook, 4 Cond. Rep. 7. It is now here stated in the third plea, or in the bill of discovery, that the failure of consideration was total; but it is very distinctly inferrible from the statement in said plea and bill of discovery, that Jones had some title, but defendant appears very reluctant to state what that title is, or what the reason was that the title conveyed by Jones to Bruffey was not good. The part of the third plea, where the fault of the title conveyed by Jones to Bruffey is complained of, is in these words: "And the said defendant further avers, that the said A. Jones, assignor as aforesaid, had not the complete right and legal title in and to the said last mentioned tract of land in himself, nor was he, the said A. Jones, on the said eighth day of February, 1836, nor has he, the said A. Jones, at any time, been able or competent to make or execute a complete deed of conveyance in fee simple to the said defendant in and to and for the said tract of land, at the county aforesaid." Thus clearly admitting, though indirectly, that Jones had some right, either in law or equity, to the land in question.

The statement in the bill of discovery amounts to the same as the statement in the plea, but a little more definite as to Jones's title, but still avoiding as far as possible a candid statement of what the title in fact was. (See the statement in said bill, and particularly the interrogatories.)

As to the second point, the exclusion of the copy of the bond, deed, or whatever name it be called, the said paper was excluded properly: 1. Because the matter

contained in the said paper was irrelevent.   2. The absence of the original was unaccounted for; until that is done, a copy cannot be admitted in evidence.

TOMPKINS, Judge, delivered the opinion of the court.

Brickey brought his action in the circuit court of Washington county against Bruffey, on a bond for the payment of three hundred dollars, and obtained a judgment; to reverse that judgment, Bruffey prosecutes this appeal.

Bruffey filed three pleas in bar to the declaration in this case:   1. That the bond was fraudulently obtained. 2. That this bond was made and delivered to one Jones, in consideration of land that Jones had sold to him; that he had been induced to execute to Jones the bond by the false representations of Jones, that he had a good title in fee simple to the land, whereas the title really was in another.   3. That the said bond was made to Jones, who assigned it to Brickey, in consideration of land to which Jones represented that he had, before and at the time of making the bond sued on as aforesaid, the complete right and legal title; whereas it is averred that Jones had not the complete right and legal title to the same, but that the title to the same was in the heirs of one McCoy.

To the two first pleas replications were filed, denying the fraud, and issue was taken on them.   To the third plea the plaintiff demurred, and his demurrer was sustained by the circuit court.

The defendant then filed a bill of discovery under the statute, stating, as in the third plea, that Jones, to whom this bond had been made, and by whom it had been assigned to Brickey, the plaintiff, had represented to Bruffey that he, Jones, had a good and sufficient title in fee simple to the land sold to him, Bruffey, and for which the bond sued on in this case was made; but that since the making and delivery of the bond here sued on to Jones, he, Bruffey, had been informed and believed that the title to the said land was in the heirs of said McCoy, as in the third plea stated; and that McCoy, in his lifetime, contracted by bond to make a deed for the same to one Imboden. The bill further states that the defendant, Bruffey, knows of no person but Jones who has a knowledge of the facts therein stated, and prays that he, Jones, may be compelled to make a discovery.

To this bill for a discovery a demurrer was filed, which was sustained by the decision of the circuit court.

The parties then went to trial on the issue made on the two first pleas. The defendant offered in evidence a bond made by McCoy to Imboden, referred to in the defendant's petition, for a discovery, by which McCoy covenants to convey to Imboden, for and in consideration of a sum of money therein mentioned, a certain tract of land, on the payment of the consideration money by Imboden. The circuit court excluded the testimony thus offered, and the defendant excepted to its opinion. The defendant then moved for a new trial, and the court overruled the motion.

It is assigned for error that the circuit court sustained the demurrer to the third plea, as well as to the bill or petition for a discovery, and also that the motion for a new trial was overruled.

1. The third plea (to which the demurrer was sustained,) and the bill for a discovery, are in substance the same; they will then be both considered under one head.

The tenth section of the fourth article of the act to regulate the practice at law, passed 17th March, 1835, under which this bill for a discovery is filed, reads thus:

"Either party to a suit in any court of record shall be entitled to a discovery from the other party of all matters material to the issue in such suit, in all cases where the same party would, by the rule of equity, be entitled to the same discovery in a court of equity in aid of such suit."

If, then, the facts here set out in the bill praying a discovery would not, in a court of equity, avail the defendant any thing, they would not here. From the statement in the bill, we learn that the bond here sued on is a part only of the consideration of the land alleged to be sold by Jones to Bruffey, the defendant in the circuit court and appellant here. From the written argument of the counsel of the appellant, it may be inferred that Jones claimed this land under Imboden, though it is not stated in the bill that he did hold under Imboden. If, as stated in this bill, the bond here sued on was given in consideration of land purchased from Jones, the assignor of Brickey, by the appellant, a court of chancery, before it interposed its authority to relieve Bruffey, the appellant, would have required him to show something more than he has stated in his bill, or even in his argument. The bond is absolute to pay the sum of three hundred dollars on a given day to Jones, or order, without any condition whatever. What may be the character of Jones's deed or obligation to Bruffey, the appellant, we

*Petition and summons on a bond, Plea, that the consideration of the bond was land sold by plaintiff to defendant, and that plaintiff represented title to be in himself, whereas he had not a complete title, &c. Demurrer filed and sustained. Held, that the facts alleged in the plea could not avail the defendant either in law or equity, unless the defendant would also produce the title bond and show the probability of plaintiff's inability to refund the purchase money, in case of a suit on such bond. A bill of discovery, alleging the same facts as this plea, would be liable to the same objection.*

cannot tell from any thimg on the record. If, as is reasonable to suppose, Bruffey contented himself with Jones's covenant to convey at a future day, when he might have power; or if he contented himself with Jones's covenant that he then had a good title, &c. &c. a court of chancery would leave him to his remedy at law, unless he showed more cause than is here shown. It is true, as it is argued, that Jones may become insolvent and unable to refund the purchase money, in case it should now be paid, as adjudged to be done by the circuit court. This is saying but little more than that it is not now convenient for him to pay, and he is unwilling to do so. He knew before he purchased the land and executed his bond for the purchase money, as well as he now knows, that it was possible for Jones to become insolvent and unable to refund the purchase money, in case his title to the purchased land proved to be bad, yet it seems that he chose to incur the risk; and if now he wishes to restrain the appellee from the collection of this money, he should have stated the whole contract between him and Jones. He should have produced Jones's deed for the land, or his covenant to make a deed, as the case may be, in order that when the court decreed that Jones's assignee should be restrained from collecting this money, complete justice might be done to Jones, by a decree that his obligation (of whatever character it may be) to Bruffey might be cancelled, and Bruffey deprived of the power of harrassing him with a suit. The complainant in such a cause might also, perhaps, be required to show not only that Jones's title to the purchased land was bad, but that there was some probability that he would become insolvent, or already was so. Thus much a court of chancery would require to be done before it would extend relief to the complainant; a court of law has not the power to do so much.

The circuit court, sitting as a court of law, had no authority to require the complainant to bring in the deed or obligation which Jones must have executed to him on the sale of the premises; he did not offer to deliver it up; and had the demurrer either to his third plea or to the bill for a discovery been overruled and judgment been rendered for him, he might, notwithstanding, have sued Jones on whatever covenant he may have made for title. The circuit court, then, it seems, committed no error in sustaining the demurrer, first, to the third plea, and, secondly, to the bill for a discovery.

*Under the plea of*    2. The next inquiry is, did the circuit court commit

any error in refusing to grant the appellant a new trial? The trial was on the issues made on the two first pleas, to wit, that the bond sued on was fraudulently obtained. In support of his pleas, the appellant produced no evidence, as it appears from the bill of exceptions, but what is called a memorandum of a contract between A. McCoy and B. Imboden, by which McCoy promises, in consideration of seventeen hundred dollars, to be paid at a time then future, to convey to Imboden a certain tract of land lying in the township of Bellevue, in Washington county. This writing was excluded by the circuit court. No evidence appears to have been offered to show its relevancy to the issue made on either of the pleas of the defendant in that court, appellant here.

The circuit court, as it seems to me, committed no error in excluding this instrument of writing from the jury; and consequently it committed no error in overruling the motion for a new trial, as this deed was all the evidence offered by the appellant.

The demurrer to the third plea and the bill for a discovery being, in my opinion, correctly sustained by the circuit court, and the motion of the appellant for a new trial correctly overruled, it is my opinion that its judgment ought to be affirmed, and the other judges concurring, it is affirmed.